# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| DANIEL J. SIMKO and NANCY SIMKO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:14-cv-00365-PPS-APR |
| LOAD ONE, LLC, ERIC NATALE and WILLIAM J. HOFFMAN, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Plaintiffs Daniel Simko and Nancy Simko originally filed this case in Indiana State court alleging claims related to a motor accident in Indiana. (Docket Entry 5.) Defendant Eric Natale removed the case to federal court on October 7, 2014 based on diversity jurisdiction, claiming that the plaintiffs are citizens of Indiana and the defendants are all citizens of Michigan. (DE 1.) Counsel for plaintiffs and defendants conferred during the evening of October 7, and counsel for defendants stated that he would move to have the case remanded the next day. (DE 7 Ex. 2.) On October 8, before defense counsel could act, the plaintiffs moved to remand the case because all of the parties in the case are citizens of Michigan, precluding diversity jurisdiction in federal court. (DE 6.) The defendants consent to remand, but object to an order for an award of the fees and costs of removal because the removal was done pursuant to a good-faith, if mistaken, belief that the plaintiffs are currently residents of Indiana. (DE 8.)

The Court may award costs and expenses incurred due to removal. 28 U.S.C. §

1447(c). This is not a situation in which such an award is appropriate. The removal appears to have been done in good faith, albeit erroneously. The complaint didn't identify the citizenship of the plaintiffs. The crash report did indicate the plaintiffs were citizens of Michigan at the time of the crash in February 2013, but there was no indication of their citizenship 17 months later when the case was filed. Counsel for defendants acknowledged the error when plaintiffs' counsel pointed it out, and stated that he would rectify it the next day. Rather than waiting a day, however, plaintiffs' counsel turned around and moved to remand – the costs incurred were therefore of his own making, not defense counsel's, and the defendants should not be held financially responsible for plaintiffs' counsel's impatience.

Therefore, pursuant to 28 U.S.C. § 1447(c), Daniel Simko's and Nancy Simko's motion for remand (DE 6) is **GRANTED** and this case is hereby **REMANDED** to the Porter County Superior Court for redocketing under Indiana state court case number 64D05-1407-CT-6607. The Clerk of this Court shall treat this civil action as **TERMINATED**. All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: October 15, 2014

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT